Harold J. Crawford, J.
This is an article 78 (Civ. Prac. Act) proceeding in the nature of mandamus. The record reveals that petitioner, the owner of three square blocks of vacant property bounded by 18th and 20th Avenues and 138th and 141st Streets in College Point, Queens County, New York, prepared and filed plans with the Department of Buildings of the City of New York for the construction of a department store building and accessory parking facilities. The Department of Buildings thereupon required petitioner to obtain from the Borough President of the County of Queens a certification that the proposed construction did not lie in the bed of any mapped street.
*470 Petitioner requested the Borough President to issue such a certification but received instead a statement that its proposed construction was “ 100% in a park as laid out on a map no. 4284 which was referred to the city planning commission on August 25,1962, no. 176.”
Obviously, this was not the certification petitioner requested since it merely declared that petitioner’s proposed construction was within a proposed park. The Department of Buildings regarded this certification as unsatisfactory and not in accord with section 35 of article 3 of the General City Law and consequently, it refused to proceed further with petitioner’s application for a building permit.
Petitioner now seeks to have this court direct the Borough President to state whether its proposed construction lies in the bed of a mapped street or, in the alternative, to direct the Department of Buildings to accept the Borough President’s present statement as meaning that the proposed construction is not within a mapped street and to direct the continued processing of petitioner’s building application.
Section 35 of the General City Law does not charge the Borough President with the duty of issuing bed-of-mapped-street certifications. In pertinent part, the statute provides that “ For the purpose of preserving the integrity of such official map or plan no permit shall hereafter be issued for any building in the bed of any street or highway shown or laid out on such map or plan ”. Inasmuch as section 35 does not impose any duty upon the Borough President to issue a certification, the Commissioner of the Department of Buildings of the City of New York may not be directed to accept the statement which the Borough President has issued as sufficient compliance with the statute.
As this court reads section 35, the Department of Buildings, which is charged with the duty of issuing building permits, is prohibited from issuing a permit for any building in the bed of any street or highway shown or laid out upon an official map or plan. To ascertain whether a proposed construction lies in the bed of any street or highway shown or laid out on such map or plan, the Building Department may possibly require, for its own convenience, that an applicant seek this information from another official or department. That official or department, however, must be charged by law with knowledge of the streets and with the duty of making the required certification. Since the Borough President, as already noted, is not charged with such duty, the court is of the opinion that the Commissioner of the Department of Buildings, who is charged with the duty of issuing building permits, has the duty and responsibility, in the *471 first instance, of ascertaining whether a proposed construction lies in the bed of the street.
Therefore, this application is granted to the extent of directing the respondent Commissioner of the Department of Buildings of the City of New York to ascertain whether the construction proposed by petitioner lies in the bed of any street or highway shown or laid out on the official map or plan and, if it does not, then to process petitioner’s application for a building permit.